# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JUSTIN KUFAHL,

    *Plaintiff,*

vs.

Case No. 19-1036-EFM-GEB

SPAULDING DECON INDUSTRIES, CORP. and
LAURA SPAULDING, a/k/a LAURA SPAULDING-KOPPEL, a/k/a LAURA KOPPEL,

    *Defendants.*

## MEMORANDUM AND ORDER

This matter comes before the Court on the Defendants' Amended and Renewed Motion to Dismiss or Alternative Motion to Transfer (Doc. 26). Defendants ask the Court to dismiss the complaint based on the doctrine of *forum non conveniens*. In the alternative, Defendants ask the Court to transfer to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the Court denies the Motion to Dismiss and grants the Motion to Transfer.

### I.     Factual and Procedural Background

Plaintiff Justin Kufahl filed suit against Defendants Spaulding Decon Industries Corp. ("Spaulding Decon") and Laura Spaulding. His claims arise out of a Franchise Agreement

between Kufahl Decon, LLC and Spaulding Decon.[1]  Spaulding Decon is a Florida corporation. Laura Spaulding is an individual residing in Florida and Spaulding Decon's chief executive.

Spaulding Decon was formed by Laura Spaulding in 2014 to perform bio-hazard cleaning services.  Upon signing a Franchise Agreement, Plaintiff become a franchisee on February 12, 2016.  The Franchise Agreement contained the following forum selection clause:

> 23.7.  <u>Jurisdiction</u>.  YOU CONSENT AND IRREVOCABLY SUBMIT TO THE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION LOCATED IN THE COUNTY AND STATE IN WHICH OUR PRINCIPAL HEADQUARTERS IS LOCATED, AND WAIVE ANY OBJECTION TO THE JURISDICTION AND VENUE OF SUCH COURTS.  THE EXCLUSIVE CHOICE OF JURISDICTION DOES NOT PRECLUDE THE BRINGING OF ANY ACTION BY THE PARTIES OR THE ENFORCEMENT BY THE PARTIES IN ANY JUDGMENT OBTAINED IN ANY SUCH JURISDICTION, IN ANY OTHER APPROPRIATE JURSIDICTION OR THE RIGHT OF THE PARTIES TO CONFIRM OR ENFORCE ANY ARBITRATION AWARD IN ANY APPROPRIATE JURISDICTION.[2]

Shortly after signing the Franchise Agreement, the business relationship between Plaintiff and Defendants began to deteriorate.  On November 11, 2016, Spaulding Decon filed an action against Plaintiff and Kufahl Deacon for breach of the Franchise Agreement and Personal Guaranty in Hillsborough County, Florida.  On February 9, 2019, Plaintiff filed this diversity action. Plaintiff's complaint contains seven separate claims, five against Spaulding Decon and two against Ms. Spaulding in her individual capacity.

Before serving an answer to Plaintiff's complaint, Defendants filed a Motion to Dismiss.[3] The Court denied the motion without prejudice, and the Court requested additional briefing.  On

---

[1] Justin Kufahl signed a personal guaranty of the Franchise Agreement.

[2] Doc. 27-1, p. 55.

[3] Defendants also filed a Motion to Stay (Doc. 9) pursuant to the *Colorado River* doctrine.

July 25, 2019, Defendants filed an amended and renewed Motion to Dismiss. They now seek dismissal on the basis of *forum non conveniens* or transfer pursuant to 28 U.S.C. § 1404(a).

## II. Legal Standard

It is well settled that freely negotiated contracts, "unaffected by fraud, undue influence, or overweening bargaining power," should be given their full effect.[4] A forum selection clause contained in a freely entered into contract is prima facie valid.[5] The clause is enforced unless the party challenging it "'clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'"[6]

The presence of a forum selection clause is a central factor when a district court considers the proper forum.[7] In *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*, the United States Supreme Court determined that the appropriate procedure to enforce a forum selection clause is a motion to dismiss on *forum non conveniens* grounds or a motion to transfer under 28 U.S.C. § 1404(a).[8] Which particular avenue is appropriate depends on whether the forum section clause references a federal, state, or foreign forum.[9]

Dismissal for *forum non conveniens* is proper when "an adequate alternative forum exists in a different judicial system and there is no mechanism by which the case may be transferred."[10]

---

[4] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13 (1972).

[5] *Id.* at 10.

[6] *Niemi v. Lasshofer*, 770 F.3d 1331, 1351 (10th Cir. 2014) (*citing M/S Bremen*, 407 U.S. at 15).

[7] *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 58 (2013).

[8] *Id.*

[9] *Id.* at 59-60.

[10] *Kelvion, Inc. v. Petrochina Canada, Ltd.*, 918 F.3d 1088, 1091 (10th Cir. 2019).

Where a forum selection clause points to a state or foreign forum, dismissal is the avenue.[11] Where a forum selection clause considers a forum within the federal court system, "Congress has replaced the traditional remedy of outright dismissal with transfer."[12]

28 U.S.C. § 1404(a) provides a mechanism for district courts to "transfer any civil action to any other district or division where [the action] might have been brought or to any district or division to which all parties have consented."[13] When a defendant files a § 1404(a) motion, the district court "should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer."[14] To determine if extraordinary circumstances exist under a valid forum selection clause, the court does not give any weight to the plaintiff's choice of forum and should only consider arguments related to public-interest factors.[15] These factors include:

> (1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the governing law.[16]

Deference is given to the contracted forum choice, and the plaintiff bears the burden of demonstrating why a transfer should not be granted.[17]

---

[11] *Atl. Marine*, 571 U.S. at 60-61.

[12] *Id.* at 60.

[13] *See also id.* at 59.

[14] *Id.* at 52.

[15] *Id.* at 62.

[16] *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 606 (10th Cir. 1998) (citations omitted).

[17] *Atl. Marine*, 571 U.S. at 64.

### III. Analysis

Defendants seek dismissal or in the alternative, transfer, based on the forum selection clause contained in the Franchise Agreement signed by both parties. As a threshold matter, Plaintiff does not contest the validity of the Franchise Agreement's forum selection clause. Instead, Plaintiff simply contends that he asserts claims in his personal capacity and thus, is not bound by the forum selection clause.[18] Therefore, the clause is presumed valid.

Defendants primarily assert that Plaintiff's complaint should be dismissed on the basis of *forum non conveniens*. Yet, Defendants concede that dismissal under *forum non conveniens* is only proper when "an adequate alternative forum exists in a different judicial system and *there is no mechanism by which the case may be transferred*."[19] Defendants' motion overlooks the transfer mechanism applicable here.

Specifically, the Franchise Agreement's forum selection clause states "you consent and irrevocably submit to the jurisdiction and venue of any state or *federal* court of competent jurisdiction located in the county and state in which our principal headquarters is located, and waive any objection to the jurisdiction and venue of such courts."[20] Defendants acknowledge that the United States District Court for the Middle District of Florida is proper under this clause.

---

[18] Plaintiff provides no support for proceeding in his personal capacity rather than as the legal entity, Kufahl Decon, LLC. It appears that all his claims relate to the Franchise Agreement.

[19] Doc. 27, p. 4 (*quoting Kelvion*, 918 F.3d at 1091) (emphasis added).

[20] Doc. 27-1, p. 55 (emphasis added).

Therefore, 28 U.S.C. § 1404(a) provides a mechanism by which the case may be transferred, and the Court finds dismissal imprudent.[21]

The Court will thus consider the public-interest factors in deciding whether a § 1404(a) transfer is appropriate. As noted above, these factors include:

> (1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the governing law.[22]

It is Plaintiff's burden to demonstrate why a transfer should not be granted.[23] Rather than focus on the public-interest factors, Plaintiff's response brief addresses the assertions made by Defendants. Because Plaintiff fails to specifically address the public-interest factors, the Court could grant the transfer without discussion. However, because Plaintiff proceeds *pro se*, the Court will address the factors.

The first factor the Court considers is the "administrative difficulties of courts with congested dockets . . . ."[24] "[W]hen evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[25] Defendants' statistics

---

[21] Defendants also seek transfer, but only if the Court declines to dismiss on the doctrine of *forum non conveniens*. The Court recognizes the Defendants would prefer dismissal. However, as noted, dismissal is inappropriate.

[22] *Gschwind*, 161 F.3d at 606.

[23] *Atl. Marine*, 571 U.S. at 64.

[24] *Gschwind*, 161 F.3d at 606.

[25] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010).

indicate that the Middle District of Florida has lower median times for both filing to disposition and filing to trial than the District of Kansas. However, weighted filing statistics favor the District of Kansas. This Court considers these statistical comparisons neutral.

Under the second factor, the Court considers "the burden of jury duty on members of a community with no connection to the litigation."[26] Defendants properly disregard this burden because the Franchise Agreement waives a jury trial. Thus, jury duty is a non-factor.

Next, the third factor is the "interest in having localized controversies decided at home."[27] Defendants assert that the Franchise Agreement's choice of law provision requires application of Florida law. Plaintiff suggests Kansas tort law applies to his individual tort claims against Ms. Spaulding because the claims do not arise out of the Franchise Agreement. The Court finds that Plaintiff's individual torts claims against Ms. Spaulding are sufficiently related to the parties' contractual relationship. Furthermore, Plaintiff's concerns regarding bifurcation and choice of law are more appropriately addressed by the new forum and are not factors considered in determining whether transfer is appropriate.[28]

Finally, the fourth factor analyzes "the appropriateness of having diversity cases tried in a forum that is familiar with the governing law."[29] The fourth factor weighs in favor of transfer as the Middle District of Florida is more familiar with Florida law governing the Franchise

---

[26] *Gschwind*, 161 F.3d at 606.

[27] *Id.*

[28] *See Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). Plaintiff does suggest Defendants should not have committed torts in Kansas. However, Plaintiff provides no legal argument as to how the alleged torts create a "localized controversy."

[29] *Gschwind*, 161 F.3d at 606.

Agreement. Again, choice of law regarding Plaintiff's individual tort claims is more properly addressed after transfer.

In sum, the Court finds all relevant public-interest factors neutral or in favor of transfer. Additionally, the Court finds Plaintiff fails to demonstrate why transfer would be improper under 28 U.S.C. § 1404(a).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens*, or in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Doc. 26) is hereby **DENIED IN PART** and **GRANTED IN PART**. The Court declines to dismiss the case on the doctrine of *Forum Non Conveniens*, but instead transfers the matter to the Middle District of Florida.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay (Doc. 9) is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated this October 23, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE